IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROXANNE TORRES,
          Plaintiff,

vs.

JANICE MADRID, a New Mexico
State Police Investigations Bureau
Officer and RICHARD WILLIAMSON, a
New Mexico State Police Investigations
 Bureau Officer,
          Defendants        No. _____

## CIVIL COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

COMES NOW, Plaintiff Roxanne Torres, by and through her attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico and for her Civil Complaint for Violation of Civil Rights, states:

### I.    INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. §1983 for violation of the Plaintiff's Fourth Amendment rights as made applicable to the States through the Fourteenth Amendment.

### II.    PARTIES AND JURISDICTION

1.    Plaintiff Roxanne Torres is a citizen of the State of New Mexico, who, at all times relevant to this complaint, resided in Bernalillo County, New Mexico.

1

2.  Defendant Janice Madrid was at all times relevant to this complaint a sworn law enforcement officer operating under color of law, employed by the New Mexico State Police Investigations Bureau.

3.  Defendant Richard Williamson was, at all times relevant to this complaint, a sworn law enforcement officer operating under color of law, employed by the New Mexico State Police Investigations Bureau.

4.  The Court has jurisdiction of this matter pursuant to 28 U.S.C.§ 1341, 1343, because this is an action to redress violations of the Constitutional rights of Plaintiff pursuant to 42 U.S.C. § 1983.

### III.   FACTS

5.  On the morning of Tuesday, July 15th, 2014, New Mexico State Police Investigations Bureau agents were serving an arrest warrant for Kayenta Jackson, a resident of 6100 Harper Drive Northeast, Apartment 22, in Albuquerque, Bernalillo County, New Mexico.

6.  Defendant Madrid and Smith of the New Mexico State Police Investigations Bureau approached the residence from the north and parked their unmarked patrol vehicle in front of a 2010 black and white Toyota FJ Cruiser. The F.J. Cruiser was parked with its front-end facing north, away from the rear (north side), of Apartment 22.

7. The Defendants were in "tactical vests" and dark clothing making it impossible for Plaintiff to identify who these individuals were.

8. The Defendants attempted to enter the vehicle that Plaintiff had been sleeping in by attempting to open the locked door without Plaintiff's consent or permission. Plaintiff through the attempted unlawful entry of her vehicle was an attempted car- jacking and attempted to exit the parking lot.

9. Plaintiff was not armed with a weapon of any kind, nor did Plaintiff gesture in any way to indicate that she was armed, nor did Plaintiff take hold of any objects resembling a weapon, nor did Plaintiff draw out any items concealed upon her person in such a way as to indicate the presence of a weapon. Both Defendants were beside the vehicle, not in the front of the vehicle.

10. Both Defendants fired their department issued duty weapons at the Plaintiff hitting Plaintiff twice in the back and striking her vehicle with multiple rounds of ammunition. Her injuries caused her pain and suffering and other, longer term damages including disfiguration, scaring, and future medical expenses.

11. Plaintiff managed to get to a hospital where she was treated for gun shot wounds to her back and other injuries sustained in the unprovoked, unlawful shooting.

### IV.     COUNT I: EXCESSIVE FORCE, DEFENDANT MADRID

12.     Paragraphs 1 through 11 are incorporated herein.

13.     The shooting of Plaintiff was unnecessary, unreasonable and excessively violent.

14.     The intentional discharge of a fire arm by Defendant Madrid exceeded the degree of force which a reasonable, prudent law enforcement officer would have applied under these same circumstances.

15.     The intentional shooting by Defendant Madrid was the cause in fact and proximate cause of Plaintiff's injuries.

### V.     COUNT II: CONSPIRACY TO USE EXCESSIVE FORCE, DEFENDANT MADRID

16. Paragraphs 1 through 15 are incorporated herein.

17. Defendant Madrid, formed a single plan through non-verbal communication with Defendant Williamson, to use excessive force against the Plaintiff.

18. This plan is evident from the circumstantial evidence and pictures of the shooting and its aftermath. This evidence includes the fact that Defendant Madrid was never in danger from Plaintiff; Plaintiff was not a suspect in any crime; and she panicked and attempted to cover up the unlawful shooting;

all of which show that Defendant Madrid formed and executed the joint plant to use excessive force against the Plaintiff.

### VI. COUNT III. EXCESSIVE FORCE, DEFENDANT WILLIAMSON

19. Paragraphs 1 through 18 are incorporated herein by reference as if set forth in full herein.

20. The shooting of Plaintiff was unnecessary, unreasonable and excessively violent.

21. The intentional discharge of a fire arm by Defendant Williamson exceeded the degree of force which a reasonable, prudent law enforcement officer would have applied under these same circumstances.

22. The intentional shooting by Defendant Williamson was the cause in fact and proximate cause of Plaintiff's injuries.

### VII. COUNT II: CONSPIRACY TO USE EXCESSIVE FORCE, DEFENDANT WILLIAMSON

23. Paragraphs 1 through 15 are incorporated herein.

24. Defendant Williamson, formed a single plan through non-verbal communication with Defendant Madrid, to use excessive force against the Plaintiff.

25. This plan is evident from the circumstantial evidence and pictures of the shooting and its aftermath. This evidence includes the fact that Defendant Williamson was never in danger from Plaintiff; Plaintiff was not a suspect in any crime; and he panicked and attempted to cover up the unlawful shooting; all of which show that Defendant Williamson formed and executed the joint plant to use excessive force against the Plaintiff.

## VIII.   DAMAGES

26. Paragraphs 1 through 25 are incorporated herein by reference as if set forth in full herein.

27. Plaintiff sustained lasting physical injury and disfiguration justifying damages, and incurred medical expenses, pain and suffering and emotional distress.

28. The Defendants' intentionally violent and abusive conduct is sufficient to justify an award of punitive damages.

## IX.   JURY DEMAND

29.   Plaintiff and makes demand for a trial before a jury on all such issues so determinable.

30.    The Seventh Amendment (right to jury trial), applies to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal

rights and remedies, enforceable in an action for damages in the ordinary courts of law.

31. When Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be made available if the action involves rights and remedies of the sort typically enforced in an action at law. *Curtis v. Loether,* 415 U.S. 189, 194-95, 94 S.Ct. 1005, 1008, 39 L. Ed. 2d 260 (1974).

## X. PRAYER FOR RELIEF

Based on the foregoing facts, Plaintiff requests that the Court order compensatory and consequential damages, loss of earnings and earnings capacity; damages for pain and suffering, damages for emotional distress; damages for loss of enjoyment of live; punitive damages; attorney's fees and costs; pre-judgment and post-judgment interest; and such other relief as the Court deems appropriate.

Respectfully Submitted:

/s/ Eric D. Dixon

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

8