IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROXANNE TORRES,

    Plaintiff,

v.                                                    Civ. No. 16-1163 LF/KK

JANICE MADRID *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Defendants Janice Madrid's and Richard Williamson's Motion to Stay Discovery (Doc. 33) ("Motion to Stay"), filed May 4, 2017. The Court, having reviewed the parties' submissions and the relevant law, FINDS that the motion is well taken and should be GRANTED.

In their Motion to Stay, Defendants seek a stay of discovery pending resolution of their Motion to Dismiss or Motion for Judgment on the Pleadings on Plaintiff's Complaint on the Basis of Qualified Immunity and Other Grounds (Doc. 32) ("Motion to Dismiss"), in which they raise the defense of qualified immunity. (Doc. 33 at 1.) The Supreme Court has repeatedly highlighted the broad protection that the qualified immunity defense provides and has stressed that it protects officials not only from having to stand trial, but also from having to bear the burdens associated with litigation, including pretrial discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Pearson v. Callahan*, 555 U.S. 231-32 (2009). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue at the earliest possible stage in litigation and before discovery if possible. *Pearson*, 555 U.S. at 232; *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991);

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As such, the Tenth Circuit has held that when a defendant files a dispositive motion based on qualified immunity, she is ordinarily entitled to a stay of discovery. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Nevertheless, "[q]ualified immunity does not shield government officials from all discovery[,] but only from discovery which is either avoidable or overly broad." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (citation omitted). To be entitled to limited discovery after a qualified immunity defense has been raised, a plaintiff must demonstrate

> *how* discovery will enable [the plaintiff] to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion. To that end, it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands.

*Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (emphasis in original) (internal citations and punctuation marks omitted).

Plaintiff asserts two arguments in opposition to Defendants' Motion to Stay. First, Plaintiff argues that, because a "large amount of discovery. . . has already taken place in this case, including the depositions of the defendants, the policy behind staying all discovery while the Court rules on the qualified immunity issue is not served." (Doc. 35 at 2-3.) This argument, however, ignores Defendants' right to rely on the defense of qualified immunity at any point in these proceedings. *Maestas v. Lujan*, 351 F.3d 1001, 1010 (10th Cir. 2003) ("A defendant who has appropriately pleaded the affirmative defense of qualified immunity may establish his right

to immunity at any point in the proceeding, including at trial." (quoting *Guffey v. Wyatt*, 18 F.3d 869, 873 (10th Cir. 1994)); (Doc. 9 at 5). Thus, in *Herrera v. Santa Fe Public Schools*, the court rejected the same argument Plaintiff makes here, even though the defendant in that case sought a stay of discovery much later in the proceedings than Defendants have.

> While qualified immunity is often times and probably best raised and decided before the initiation of discovery, the protection of qualified immunity is for the defendant's benefit so that the defendant is not further subjected to the litigation's burdens. That [the defendant] has already been subjected to the burdens of litigation for eighteen months does not lessen the protection to which she is entitled under the law.

2012 WL 6846393, at *7 (D.N.M. Dec. 20, 2012). Plaintiff has presented

> no sound reason to create a rule that the protections of a discovery stay are waived at some point, or to dictate when the defense [of qualified immunity] has to be raised. In the end, such a rule could penalize [P]laintiff . . . more than anyone. Here, for example, [Defendants'] delay in raising the qualified immunity defense . . . allowed [Plaintiff] to get almost all of [her] discovery done before the qualified immunity defense was raised and the discovery stay ordered.

*Id.* at *8. The Court therefore finds that Defendants are entitled to a stay of discovery at this time, even though the parties have already had more than five months in which to take discovery.

Plaintiff also argues that the Court should allow her to take limited additional discovery, specifically, the depositions of witnesses Jeff Smith and Ray White.[1] (Doc. 35 at 3.) However, in her response in opposition to Defendants' Motion to Stay, Plaintiff does not even attempt to demonstrate how this discovery "will enable [her] to rebut [Defendants'] showing of objective reasonableness" in their Motion to Dismiss. *Lewis*, 903 F.2d at 758. Indeed, it is somewhat difficult to imagine how she could, when Defendants have accepted the allegations in Plaintiff's complaint as true for purposes of the Motion to Dismiss. (*See* Doc. 32 at 3.) Plaintiff's concern that Mr. Smith's and Mr. White's memories will "further fade" during the pendency of a

---

[1] The depositions of Mr. Smith and Mr. White were scheduled for May 3, 2017, but were not taken then because Plaintiff arrived very late for her deposition earlier the same day. (Doc. 35 at 1-2; Doc. 38 at 3.)

discovery stay does not address *Lewis*' requirements, and also is not compelling in light of the fact that these witnesses have already "given reports" about the incident forming the basis of Plaintiff's complaint, which can be used to refresh their recollection. (Doc. 35 at 2-3.) In short, at present, Plaintiff has failed to demonstrate that she is entitled to the limited additional discovery she seeks.

For the reasons described above, the Court will stay discovery in this matter at this time. If, later in these proceedings, Plaintiff identifies any particularized discoverable information she needs, but does not have, to rebut Defendants' qualified immunity defense, she may then file a motion to reopen discovery.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery (Doc. 33) is GRANTED. All discovery in this case is stayed pending resolution of Defendants' Motion to Dismiss or Motion for Judgment on the Pleadings on Plaintiff's Complaint on the Basis of Qualified Immunity and Other Grounds (Doc. 32), or until further order of this Court.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE