IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROXANNE TORRES,

    Plaintiff,

v.                                                                      1:16-cv-01163-LF-KK

JANICE MADRID et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on defendants Janice Madrid and Richard Williamson's Motion to Dismiss or Motion for Judgment on the Pleadings, which was fully briefed on May 30, 2017. Docs. 32, 34, 36, 37. Defendants' motion is based on qualified immunity and the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff cannot bring a § 1983 civil rights claim based on actions whose unlawfulness would render an existing criminal conviction invalid. *Id.* at 486–87. Because the information contained in the complaint—even when combined with the information in the plea and disposition agreement attached to defendants' motion—is insufficient to conclude that defendants are entitled to qualified immunity, or that the *Heck* doctrine bars plaintiff Roxanne Torres's claims, the Court DENIES defendants' motion.

**I.**     **Relevant Facts**

This case arises out of an incident that occurred in July, 2014. The facts are taken from the allegations in Ms. Torres's complaint, which the Court assumes are true for the purpose of this motion. On the morning of Tuesday, July 15, 2014, New Mexico State Police officers went to an apartment complex in Albuquerque to serve an arrest warrant on a person named Kayenta Jackson.

Doc. 1 ¶ 5. Defendants Janice Madrid and Richard Williamson[1] were two of the police officers involved. *See id.* ¶¶ 2, 3, 6, 7, 8, 10.

Officer Madrid and another officer parked their unmarked patrol vehicle in front of a 2010 black and white Toyota FJ Cruiser. *Id.* ¶ 6. Officers Madrid and Williamson were in tactical vests and dark clothing, which made it impossible for Ms. Torres to identify them as police officers. *See id.* ¶ 7.

Officers Madrid and Williamson attempted to open the locked door of the car in which Ms. Torres had been sleeping. *Id.* ¶ 8. (Although it is not clear from the complaint whether this car is the Toyota FJ Cruiser, the Court assumes it was based on the background information contained in the defendants' motion. *See* Doc. 32 at 2.) Ms. Torres thought she was the victim of an attempted car-jacking, so she attempted to leave the parking lot in her car (presumably the FJ Cruiser). Doc. 1 ¶ 8. Ms. Torres was not armed, and she did nothing to suggest she was armed or had any type of weapon. *Id.* ¶ 9. When Ms. Torres attempted to exit the parking lot, both Officer Madrid and Officer Williamson were standing beside her car, not in front of it. *Id.* Nonetheless, both officers drew their duty weapons and shot at Ms. Torres. *Id.* ¶ 10. Ms. Torres was hit twice in her back. *Id.* Her vehicle also was struck multiple times. *Id.* Ms. Torres managed to get to a hospital where she was treated for gunshot wounds to her back in addition to other injuries. *Id.* ¶ 11. These injuries caused Ms. Torres pain, suffering, disfiguration, and scarring, and will result in future medical expenses. *Id.* ¶ 10.

---

[1] Although the complaint does not specifically state that Officer Williamson was at the apartment complex, the complaint refers to "defendants" in paragraphs 7, 8 and 10. Because the only two defendants named in the complaint are Officers Madrid and Williamson, the Court assumes that all references to "defendants" in the complaint are to both Officer Madrid and Officer Williamson.

According to the plea and disposition agreement attached to defendants' motion (hereafter "plea agreement"), in March 2015, Ms. Torres pled no contest to aggravated fleeing from a law enforcement officer, in violation of N.M. STAT. ANN. § 30-22-1.1, and also to assault upon a peace officer, in violation of N.M. STAT. ANN. § 30-22-21. Doc. 32-1 at 1. The events that gave rise to these two charges took place "on or about the 15th day of July, 2014." *Id.* Neither the law enforcement officer nor the peace officer involved in either offense is identified in the plea agreement. *See id.*

## II. The Complaint

In counts I and III of the complaint, Ms. Torres alleges that Officer Madrid and Officer Williamson, respectively, through the intentional discharge of their weapons, "exceeded the degree of force which a reasonable, prudent law enforcement officer would have applied under these same circumstances." *Id.* ¶¶ 14, 21. In counts II and IV,[2] Ms. Torres alleges that Officers Madrid and Williamson conspired together to use excessive force against her. *Id.* ¶¶ 17, 24.

## III. Discussion

The defendants argue they are entitled to qualified immunity on all of Ms. Torres's excessive force claims under the *Heck* doctrine. Doc. 32 at 5–9. They contend that her March 2015 convictions for assault on a peace officer and aggravated fleeing bar her § 1983 claims because her claims, if successful, would render her convictions invalid. *Id.* Ms. Torres counters that the Court should not consider Ms. Torres's no-contest pleas, but even if it does, her convictions are not necessarily inconsistent with her excessive force claims. *See* Doc. 34 at 7–8, 13–15. Because I agree that Ms. Torres's convictions are not necessarily inconsistent with her excessive force claims, I deny defendants' motion.

---

[2] The complaint mistakenly identifies count IV as count II. Doc. 1 at 5.

### A. Motions to Dismiss Generally

"To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir .2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id*. (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id*. (citation omitted).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc*., 708 F.3d 1141, 1146 (10th Cir. 2013). In determining whether to grant the motion, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. Section 1983 Excessive Force Claims and Qualified Immunity Generally

Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must allege that a defendant acted

under color of state law to deprive the plaintiff of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). An excessive force claim is treated as a seizure subject to the Fourth Amendment's reasonableness requirement. *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008). To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that the force used to effect a seizure was objectively unreasonable under the totality of the circumstances. *Id*. The "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 1259 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). An officer may use deadly force if a reasonable officer under similar circumstances would have had probable cause to believe that there was a threat of serious physical harm to the officer or someone else. *Id.* at 1260.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would be aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under the Tenth Circuit's two-part test for evaluating qualified immunity, the plaintiff must show (1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established when the alleged violation occurred. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998); *accord Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Unless both prongs are satisfied, the defendant will not be required to "engage in expensive and time consuming preparation to defend the suit on its merits." *Siegert v. Gilley*, 500

6

U.S. 226, 232 (1991).

**C. The *Heck* Doctrine and its Application to this Case**

In *Heck*, the Supreme Court held that a plaintiff cannot bring a § 1983 civil rights claim based on actions whose unlawfulness would render an existing criminal conviction invalid. 512 U.S. at 486–87. If, on the other hand, a court determines that a plaintiff's civil rights claim, even if successful, would not necessarily demonstrate the invalidity of a criminal conviction, the action may proceed absent some other bar to the suit. *Id.* at 487.

The defendants' sole argument for dismissing Ms. Torres's complaint is that if her excessive force claim is successful, it necessarily would invalidate her March 2015 convictions for assault on a peace officer and aggravated fleeing. *See* Doc. 32 at 5–9; Doc. 36 at 2–5. They urge the Court to dismiss Ms. Torres's complaint because, they say, Ms. Torres's "convictions conclusively establish that she willfully and carelessly drove her vehicle, that she endangered the life of another person after being told to stop, that the officers were in lawful discharge of their duties at the time, and that her actions caused a police officer to reasonably believe that a battery was imminent." Doc. 36 at 6. Thus, according to defendants, Officers Madrid and Williamson necessarily acted reasonably under the circumstances, and they therefore are entitled to qualified immunity.

The main problem with defendants' argument is that the Court only may consider the facts alleged in Ms. Torres's complaint in deciding defendants' motion. *See* FED. R. CIV. P. 12(d); *Berneike*, 708 F.3d at 1146. Even if the Court considers the plea agreement attached to defendants' motion, it is not evident, based solely on the pleadings and the plea agreement, that the unlawful actions attributed to Officers Madrid and Williamson in Ms. Torres's complaint necessarily would render Ms. Torres's assault and aggravated fleeing convictions invalid.

As the Tenth Circuit explained in *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015)—a case on which defendants heavily rely—"[a]n excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer." A claim that an officer used too much force in response to an assault, or that the officer used force after the need for force disappeared, for example, would not invalidate an assault conviction. *Id.* To determine the effect of *Heck* on an excessive-force claim, the court must compare the plaintiff's allegations in the complaint to the plaintiff's prior criminal offense. *Id.* If the theory of the plaintiff's claim is inconsistent with the prior conviction, the excessive-force claim would be barred in its entirety. *Id.*

In this case, Ms. Torres's complaint does not mention her criminal convictions at all. *See* Doc. 1. Thus, although the parties disagree as to whether the court may consider the plea agreement attached to defendants' motion, even if the Court considers it, the information in the plea agreement does not make clear that Ms. Torres's claims are inconsistent with her convictions. Importantly, the plea agreement provides few details of the offenses that Ms. Torres committed. It does not disclose which officer Ms. Torres assaulted. It is unclear whether the officer Ms. Torres assaulted was, in fact, Officer Madrid, Officer Williamson, another officer at the apartment complex, or some other officer she encountered during a separate incident on or about July 15, 2014. *See* Doc. 32-1. Likewise, the plea agreement does not disclose whether Ms. Torres fled from Officer Madrid, Officer Williamson, another officer at the scene, or some other officer she encountered later that day. *See id.* Although defendants make much of the fact that Ms. Torres's assault conviction establishes that the police officer whom she assaulted must have been assaulted while in the lawful discharge of his or her duties, *see* Doc. 32 at 6, the plea agreement does not establish that either Officer Madrid or Officer Williamson, or any other officer in their presence, was the officer whom Ms. Torres assaulted. *See* Doc. 32-1. Thus, Ms. Torres's claim that the

8

officers shot at her for no lawful reason is not necessarily inconsistent with the information in the plea agreement about her assault conviction. Similarly, although Ms. Torres's conviction for aggravated fleeing may establish that she willfully and carelessly drove her vehicle in a manner that endangered the life of another person after being given a signal to stop, *see* Doc. 32 at 8, it is not evident from the plea agreement that either Officer Madrid or Officer Williamson shot at her in reaction to her aggravated fleeing. *See* Doc. 32-1. In short, the pleadings themselves, even when considered in conjunction with the plea agreement showing Ms. Torres's convictions, do not provide sufficient information for the Court to conclude that the *Heck* doctrine bars Ms. Torres's claims. The Court therefore will deny defendants' motion.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss or Motion for Judgment on the Pleadings on Plaintiff's Complaint on the Basis of Qualified Immunity and Other Grounds (Doc. 32).

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge