IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROXANNE TORRES,

      Plaintiff,

vs.                                                                  Civ. No. 16-1163 LF/KK

JANICE MADRID *et al.*,

      Defendants.

## ORDER DENYING DISCOVERY STAY

THIS MATTER is before the Court on Defendants' Motion to Stay Proceedings During the Pendency of Renewed Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 114) ("Motion to Stay"), filed May 24, 2021. Plaintiff responded in opposition to the motion on June 5, 2021, (Doc. 115), and the Court deems a reply unnecessary. Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that the Motion to Stay is not well taken and should be DENIED.

### I. Relevant Procedural History

Discovery in this matter closed on December 7, 2017, except for the deposition of Ray White. (Docs. 47, 54, 107.) Mr. White's deposition would have taken place on November 21, 2017, but for an emergency medical procedure he underwent on November 15, 2017. (Doc. 52.) The Court therefore granted Plaintiff leave to depose Mr. White out of time. (Docs. 47, 54.) However, before Plaintiff could do so, Defendants filed a motion to stay discovery, which the Court granted on December 15, 2017. (Docs. 59, 69.) That stay remained in place until the Court granted Defendants summary judgment on August 30, 2018. (Docs. 87, 88.)

The case returned to this Court following the United States Supreme Court's March 25, 2021 decision vacating the Tenth Circuit's affirmance of summary judgment, (Docs. 104, 111),

and the Court held a scheduling conference on May 14, 2021. (Doc. 107.) At the conference, the Court ruled that Defendants could file a renewed motion to stay discovery if they wished, but "[m]eanwhile, . . . Plaintiff may depose Mr. White within 45 days of [the] conference." (*Id.* at 1.) Pursuant to this ruling, Plaintiff's counsel e-mailed defense counsel on May 17, 2021, proposing four dates between May 27, 2021 and June 4, 2021 for the deposition. (Doc. 115-1 at 1.) Instead of promptly advising counsel whether Mr. White was available on any of the proposed dates, Defendants waited a week and then filed the present Motion to Stay.

## II. Analysis

When a defendant asserts the defense of qualified immunity, the district court should generally stay discovery until the immunity issue is resolved. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). A government official who has raised the defense of qualified immunity has "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Hylton v. Bd. of Cty. Comm'rs for Cty. of Dona Ana*, No. 2:19-CV-01155-KWR-CG, 2021 WL 1128051, at *1 (D.N.M. Mar. 24, 2021) (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001)). However, the right to avoid discovery is not absolute. Rather, "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998); *see also Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007) ("[I]t is well established that limited discovery may be necessary to resolve qualified immunity claims on summary judgment."). Such discovery must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim."[1] *Stonecipher v. Valles*, 759 F.3d 1134, 1149 (10th Cir.), *cert. denied*, 574 U.S. 1062 (2014).

---

[1] A party may ask a court to deny or defer ruling on a motion for summary judgment to allow the party time to take discovery, where the party "cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P.

2

In their Motion to Stay, Defendants seek a stay of discovery pending resolution of their Renewed Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 112) ("Motion for Summary Judgment"). (Doc. 114 at 1, 3.) As a practical matter, the only discovery Defendants would avoid if the Court were to grant the Motion to Stay is Mr. White's deposition, the only discovery the Court allowed Plaintiff to take out of time. Plaintiff argues that she needs to depose Mr. White to rebut the qualified immunity defenses raised in Defendants' Motion for Summary Judgment. (Doc. 115 at 2; Doc. 116 at 2.) In support, she explains that Mr. White "is one of the four officers actually on the scene who can testify as to a material issue of where [Defendants] were standing when they shot [Plaintiff] in the back"; and, other eye witnesses' testimony on this point has been inconsistent. (*Id.*)

The Court has reviewed Defendants' Motion for Summary Judgment and concludes that Mr. White's deposition is narrowly tailored to uncover the facts Plaintiff has identified, and these facts are needed for the Court to rule on Defendants' qualified immunity defenses. *Stonecipher*, 759 F.3d at 1149. In particular, and as Plaintiff observes, disputed factual issues regarding where Defendants were standing when they shot Plaintiff bear directly on whether Defendants are entitled to qualified immunity because their actions were objectively reasonable. (Doc. 116 at 2-3; *see* Doc. 112 at 10-20 (arguing that Defendants are entitled to qualified immunity because their actions were objectively reasonable).)

---

56(d). A party seeking such relief "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (brackets omitted). Moreover, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Id.* (quotation marks and brackets omitted). The present Order does not address whether the Court should deny or defer ruling on Defendants' Motion for Summary Judgment while Plaintiff takes additional discovery. Thus, though the Court is mindful of the *Gutierrez* factors, it does not expressly apply them here.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Proceedings During the Pendency of Renewed Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 114) seeking a discovery stay is DENIED. Defendants are to make Ray White available to be deposed by **Monday, June 28, 2021**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE